IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN MCGRAW,

                     Plaintiff,

    v.                                                   OPINION and ORDER

DIVINE ORDERS CATERING LLC and                     18-cv-950-jdp
LAVERNE M. BUCHANAN,

                     Defendants.

---

Pro se plaintiff Kevin McGraw, an inmate at the Dane County Jail, filed this lawsuit against his former business partner, defendant Laverne Buchanan, and the Wisconsin LLC that they formed together, defendant Divine Orders Catering LLC. Dkt. 1. McGraw alleges that Buchanan violated her partnership agreement with McGraw, mismanaged the LLC, and embezzled money from the LLC. He alleges that Buchannan owes him about $12,835 in shared profits and $12,500 in repayment for a loan.

Because McGraw is a prisoner proceeding *in forma pauperis*, I must screen his complaint under 28 U.S.C. §§ 1915 and 1915A. I conclude that although McGraw may state a claim under Wisconsin law, I must dismiss his case because this court does not have jurisdiction to hear it.

Most lawsuits cannot be filed in federal court. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). A district court has an independent obligation to determine whether it can exercise subject-matter jurisdiction, even when no party challenges it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a plaintiff cannot establish a basis for subject-matter jurisdiction, I must

dismiss his or her case. *See Smart v. Local 702 Int'l Bhd. Of Elc. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

There are two ways that a plaintiff can establish federal jurisdiction. First, the plaintiff can invoke diversity jurisdiction under 28 U.S.C. § 1332, meaning that the case involves claims between parties who are citizens of different states and that the amount in controversy exceeds $75,000. Second, if the parties are not diverse, then the plaintiff may invoke federal question jurisdiction by asserting claims that arise under federal law. 28 U.S.C. § 1331. Neither form of jurisdiction applies to this case.

McGraw's claims do not arise under federal law. McGraw and Buchannan formed their LLC under Wisconsin law, and any claims regarding management of the LLC arise under Wisconsin law, not federal law. The same goes for any claims that Buchanan defrauded McGraw or breached a contract or partnership agreement. Those are state-law claims, not federal claims.

Because McGraw is asserting only state-law claims, he can file his lawsuit in federal court only if all parties are citizens of different states and the amount of controversy is more than $75,000. Although McGraw does not say so, it appears that all parties are citizens of Wisconsin. But even if Buchannan or Divine Orders were a citizen of a different state, McGraw would still not be able to invoke diversity jurisdiction because the amount of money that he is seeking is only about $25,338. Therefore, I must dismiss McGraw's case.

Although I am dismissing McGraw's case, that does not necessarily mean that McGraw has no claim. It means only that McGraw must file his lawsuit in state court instead of federal court.

When a prisoner's complaint is dismissed because it is frivolous or fails to state a claim, that that prisoner receives a "strike" under 28 U.S.C. § 1915(g). But because I am dismissing McGraw's complaint for lack of jurisdiction, McGraw will not receive a strike. *See Haury v. Lemmon*, 656 F.3d 521 (7th Cir. 2011).

ORDER

IT IS ORDERED that plaintiff Kevin McGraw's complaint is DISMISSED without prejudice to McGraw filing his suit in state court.

Entered December 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge